## YARDLEY v. LONG CANAL CO.

No. 6975. Decided February 27, 1947. (177 P. 2d 530.)

See 67 C. J. Waters, sec. 1006; 30 Am. Jur. 627 et seq.

*Cline, Wilson & Cline,* of Milford, for appellant.

*H. D. Lowry,* of Salt Lake City, for respondent.

McDONOUGH, Chief Justice.

Plaintiff appeals from a judgment in favor of defendant, no cause of action.

Defendant is an irrigation corporation organized for the purpose of constructing, repairing and otherwise maintaining canals, ditches and dams, and for the purpose of supplying its stockholders with water in proportion to the number of shares owned by the respective shareholders. Plaintiff is one of the largest, if not the largest, single stockholder,

owning from 25% to 30% of the stock. He has been secretary for several years. There is a measuring device at the head of the canal where the water is taken from the Sevier River into the irrigation system. There is a divider at one point in the canal.

Plaintiff brought suit to compel the company to install and maintain

"a substantial and proper headgate and measuring device at the points where the various stockholders of defendant corporation divert and turn out waters from the defendant's canal and distributing system, for the purpose of regulating and measuring the quantity of water that is being so taken and used, such headgates and measuring devices to be of such design as the State Engineer of the State of Utah shall approve."

Plaintiff is entitled to take water from two ditches out of the seven. His lands extend for about two miles along these ditches, and he has numerous outlets. Apparently, at times he is entitled to the entire flow of these two ditches, while at other times he is not.

There is no question as to the fact that the methods of distribution have not been brought up to date; but it also appears that the other shareholders have had only inconsequential difficulties with the system of distribution. The company has had considerable difficulty over some of the acts of plaintiff. Among these have been taking the water out of turn, shutting off the outlets of others entitled to take the water, thus diverting the flow of water to which they were entitled, breaking the banks of the ditches to allow water to go onto his land in excess of the amount to which he was entitled, and thereby causing the company considerable expenses for repairs.

By this action, which was instituted as a result of disagreement with other officers of the company, plaintiff seeks to compel the directors to act in a specified manner. The company does not deny that he would be entitled to seek appropriate relief if he were deprived of his fair share of the water, but the company contends that the evidence shows that only on two occasions when the water was

measured did he suffer any shortage. On other ocassions he was getting more than he should have received. We recognize the fact that lack of complaint from other shareholders as to the method of distribution may not defeat plaintiff's right of action if he is actually injured. If stockholders benefit from an inequitable system of distribution, they have no occasion to complain. In this case, plaintiff made no complaint while he was getting more than his fair share of water. He demanded installation of headgates by the company along the ditches just a few days before filing this suit. By this action he does not seek damages for failure to deliver to him his fair share of the water, as in *Burtenshaw* v. *Bountiful Irrigation Co.*, 90 Utah 196, 61 P. 2d 312. He seeks, rather, to compel the company to install measuring devices and headgates at various outlets, 64 in number. Plaintiff seems to have overlooked some salient facts.

Since he receives irrigation water from only two of the seven ditches, if measuring devices were installed in the two ditches he could tell whether or not he was getting his proportionate share of the water. As pointed out hereinabove, there is a measuring device at the head of the company's canal. His stock ownership entitles him to a proportionate part of the water received into the canal. Measuring devices at the head of the two ditches would enable him to determine whether or not he would be getting such part. True, if he were not getting his share, he would be unable to determine perhaps which of the other stockholders would be receiving the water of which he was unjustly deprived, unless there were measuring devices at their intake points. However, the company's obligation to him as a stockholder is to furnish him his share of the water. If he gets that, he is not concerned as a stockholder with possible inequities in distribution among other shareholders. If he does not receive his share, he is entitled to complain, regardless of who might receive the water to which he is entitled.

Plaintiff requires no aid from the court to get proper measuring devices at the heads of the two ditches in question. No reason appears why he may not install them him-

self and thus put himself in a position to more accurately check the distribution of water into his ditches. By doing so he would be required, under the evidence, to expend only a fractional part of the amount he as a major stockholder would be required to pay if 64 weirs were installed. Furthermore, to compel the company to expend money to install devices in other ditches where the stockholders may not deem them essential, might subject them to expense unnecessarily and non-beneficially merely to please the plaintiff. In view of the circumstances of this case, the trial court properly concluded that there was not a sufficient showing that plaintiff was deprived of his fair share of the water, and that the court should not attempt to dictate the policy of the board of directors in solving the problem which seems peculiar to the plaintiff. If the court could order the directors to act in accordance with the personal views of plaintiff, it could deprive the directors of the discretion conferred upon them by law.

Cases of this character generally have to be decided strictly on their own facts. Consequently, we are not to be understood as holding that if officers of a corporation act arbitrarily or capriciously, or if a stockholder is not accorded rights and benefits to which he is entitled, that the aggrieved party may not obtain appropriate judicial relief.

The judgment is therefore affirmed. Costs to respondent.

PRATT, WADE, WOLFE, and LATIMER, JJ., concur.